State of Nebraska, appellee, v. Jerry D. Goodrich, appellant.

231 N. W. 2d 142

Filed June 26, 1975. No. 39889.

Ronald D. Mousel, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before White, C. J., Spencer, Boslaugh, McCown, Newton, Clinton, and Brodkey, JJ.

Spencer, J.

The defendant prosecutes this appeal from the denial of his motion to withdraw a plea of guilty entered in the county court of Red Willow County pursuant to a plea bargain. We affirm.

Defendant was originally charged in three separate counts as follows: Count I. Unlawfully concealing stolen property with intent to defraud the owner, to wit, two gas tanks; count II, unlawfully concealing stolen property with intent to defraud the owner, to wit, a tarpaulin; and count III knowingly and unlawfully possessing marijuana weighing 1 pound or less. Defendant, who was represented by counsel at all stages of the county court proceeding, entered into a plea bargain

whereby the State agreed to dismiss counts II and III of the complaint and the defendant would plead guilty to count I.

The journal entry of the county court, so far as material herein, reads: "Being fully advised on the premises the Court hereby accepts the plea-bargain arrangement whereupon the Defendant, being fully advised of his Constitutional Rights and represented by counsel, entered a plea of guilty to Count I of the Complaint."

After the filing of a presentence report wherein the probation officer stated: "We Would Not recommend Probation," defendant was sentenced to 7 days in the county jail and ordered to pay the costs of the prosecution. Defendant appeared pro se before the county court 16 days later, requested the appointment of a new attorney and that he be allowed to withdraw his guilty plea. The county court denied leave to withdraw the guilty plea. Defendant appealed to the District Court where new counsel was appointed for him. The District Court denied defendant's request to withdraw his plea, and affirmed the county court conviction.

Due either to a malfunction in the recording equipment in the county court or to an erasure of the tape, the verbatim transcription of defendant's arraignment in the county court was not available in the District Court. The journal entry, the sentencing proceedings, and the presentence report were available. Defendant contends that because there is no transcription of the arraignment, the record is silent and does not affirmatively show that he was fully advised of his constitutional rights with respect to the plea of guilty. He therefore argues his request to withdraw that plea must be granted. The flaw in the defendant's argument is that the record is not silent. While it is true the verbatim record of the court's examination and explanation is not available, a journal entry does exist and is set out above. The entry specifically recites defendant was fully advised of his constitutional rights and in the ab-

sence of proof to the contrary that is sufficient to support a finding in that respect. In State v. Morford (1974), 192 Neb. 412, 222 N. W. 2d 117, we said: "Ordinarily the duly authenticated record of a county court imports absolute verity." In that case no transcript of the county court arraignment proceedings was available, and the facts regarding the question there presented were taken from the county court journal entry.

Defendant contends the District Court committed reversible error because the record does not disclose that the defendant voluntarily and understandingly entered his plea of guilty. Defendant's contention is that Boykin v. Alabama (1969), 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274, requires a complete transcription of the plea proceedings, setting out seriatum the information required to prove affirmatively an intelligent and voluntary plea. The Ninth Circuit Court of Appeals, in Wilkins v. Erickson (1974), 505 F. 2d 761, held: "The rigid interpretation of Boykin urged by Wilkins has not been adopted by the Supreme Court in subsequent decisions on voluntariness of guilty pleas. In Brady v. United States, 397 U. S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970), the Court citing Boykin, upheld a guilty plea as voluntary and intelligent even though defendant had not been specifically advised of the three rights discussed in Boykin. The Brady Court clarified Boykin by stating, '(t)he new element added in Boykin was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily.' 397 U. S. at 747-748 fn. 4, 90 S. Ct. at 1468. In North Carolina v. Alford, 400 U. S. 25, 31, 91 S. Ct. 160, 164, 27 L. Ed. 2d 162 (1970), the Court stated that in determining the validity of guilty pleas the 'standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' Specific articulation of the Boykin rights is not the sine qua non of a valid guilty plea."

The Supreme Court of Illinois, in an opinion by Justice Schaefer, who served as chairman of the ABA committee which prepared the Standards Relating to Pleas of Guilty, dealt with the nonavailability of a verbatim transcript of the arraignment proceedings in People v. Hopping (Ill., 1975), 326 N. E. 2d 395. The Illinois court held: "What has been considered appropiate for preservation of a complete record on the basis of which to appraise attacks made on judgments of conviction in cases in which lengthy periods of imprisonment may be involved has not been transformed into a constitutional requirement by the adoption of the rules relating to a verbatim transcript with respect to waivers of counsel and admonitions to defendant in connection with entry of pleas of guilty."

The United States Supreme Court in Mayer v. City of Chicago (1971), 404 U. S. 189, 92 S. Ct. 410, 30 L. Ed. 2d 372, pointed out: "A 'record of sufficient completeness' does not translate automatically into a complete verbatim transcript. We said in Griffin (v. Illinois, 351 U. S. 12, 76 S. Ct. 585, 100 L. Ed. 891) that a State 'may find other means (than providing stenographic transcripts for) affording adequate and effective appellate review to indigent defendants.' 351 U. S. at 20 (76 S. Ct. at 519, 100 L. Ed. at 899)." In Draper v. Washington (1963), 372 U. S. 487, 83 S. Ct. 774, 9 L. Ed. 2d 899, the Supreme Court more fully described the various substitutes for a complete verbatim transcript. We hold the journal entry sufficient for such purpose in this misdemeanor action.

Once it has been affirmatively established from the record that a guilty plea has been voluntarily and intelligently entered, the burden shifts to the defendant to prove the contrary. McGhee v. Wolff (8th Cir., 1972), 455 F. 2d 987, cert. den. 409 U. S. 1022. Defendant has made no offer of proof to indicate that his plea was not voluntarily and intelligently entered.

It is apparent defendant's dissatisfaction with the

7-day county jail sentence triggered the attempt to set aside the plea. No claim is made that the defendant was misled or deceived as to the nature of the bargain. The bargain was made the morning the case was scheduled for trial and several witnesses were present pursuant to subpoenas. The sentencing proceedings are a part of the record presented in the District Court. It is obvious that jail time was imposed because of defendant's record.

The ABA Standard Relating to Pleas of Guilty, 2.1(a), provides: "The court should allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice." There is no manifest injustice appearing on the record herein. The order of the court denying defendant the right to withdraw his guilty plea is affirmed.

AFFIRMED.

BRODKEY, J., concurs in the result only.

CLINTON, J., concurring in the result.

I concur in the result on the ground stated in the last paragraph of the opinion. Under Standard 2.1, A.B.A. Standards Relating to Pleas of Guilty, the burden of proof is upon the defendant to establish the manifest injustice. See Commentary, § 2.1(a)(ii). The mere introduction of the journal entry did not carry that burden, but in fact made a contrary prima facie case.