STATE OF NEBRASKA, APPELLEE, v. ROBERT BEVINS, APPELLANT.

255 N. W. 2d 284

Filed June 29, 1977. No. 41118.

Gary L. Giese, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

In an information filed in the District Court for Buffalo County on June 25, 1976, Robert Bevins, the defendant and appellant herein, was charged with feloniously, unlawfully, and knowingly delivering (1) the controlled substance of marijuana; and (2) the controlled substance of peyote, under section 28-4,125, R. R. S. 1943. Defendant had originally been charged with five, rather than two, counts of delivering a controlled substance, but three of the counts were dismissed pursuant to a plea bargain. The defendant pled guilty to both counts, and the District Court accepted the pleas and adjudged the defendant guilty as charged. Defendant was sentenced to a term of imprisonment of 2 years. Defendant has appealed from the sentence, contending that it is excessive, and that the trial court relied on erroneous information contained in the presentence report in imposing the sentence. We affirm the sentence of the District Court.

The record shows that the defendant delivered marijuana and peyote, both controlled substances, to an individual employed as a "cooperating individual" by law enforcement officials, and defendant admitted he had done so. After defendant's plea of guilty was accepted by the trial court, sentencing was deferred pending the completion of a presentence

investigation and report. The defendant and his counsel were aware that such a report was being prepared.

On the date of sentencing, the trial court announced that it had received the presentence report, and asked the defendant whether he wanted to say anything before it reviewed the report and pronounced sentence. The defendant declined to make a statement. The trial court then specifically referred to information contained in the report. At the conclusion of these statements, the trial court stated: "From the presentence investigation and from other matters that have been before this Court, the Court has taken knowledge of the fact that this defendant has been involved in some drug traffic over the past several months, not limited to the charges which are filed here; that in the course of selling drugs he has made use of younger persons, including Rene Saldivar and others of the age of sixteen to eighteen years of age, both for customers and as for runners, and that he has been selling drugs in the Kearney area in addition to the drugs which are the charge of this particular complaint." The defendant or his counsel did not object to the accuracy of this statement, or contend that it was untrue. The record does not show that defendant or his counsel ever demanded to see the presentence report, or ever objected to it on the ground that it contained inaccurate, unreliable, or false information. At oral argument in this case, defendant's attorney acknowledged that he had seen the presentence report prior to sentencing, but stated that the portions of the report to which he objects were not included in the report at that time. The record, however, does not show whether or not this statement is true, and this court is unable to review matters not in the record. In any event, no objection was made to the statements of the trial court at the time of sentencing, when it

referred to the portions of the report to which the defendant now objects.

In his assignments of error, defendant contends that the sentence was excessive; and that the District Court erred in relying on hearsay statements contained in the presentence report because they were unreliable or materially untrue, and because the defendant was not given the opportunity to rebut the statements.

The statement made by the trial court at the time of sentencing, quoted above, is a summary of information contained in the presentence report and objected to by the defendant. The information was provided to the probation officer by an identified law enforcement officer and an acquaintance of the defendant. The latter had been arrested for shoplifting, and told police he was shoplifting in order to raise money to pay the defendant for hashish he had purchased from the defendant. Defendant contends the acquaintance was an unreliable source of information because he was facing a possible charge of violation of parole at the time he made statements to the police in regard to the defendant.

We first note that the fact that information contained in a presentence report is based on hearsay statements does not render the report defective. A sentencing judge had broad discretion as to the source and type of evidence or information which may be used as assistance in determining the kind and extent of punishment to be imposed, and the judge may consider probation officer reports, police reports, affidavits, and other information. A sentencing judge is not denied the opportunity to obtain pertinent information in a manner free from the requirement of rigid adherence to restrictive rules of evidence which are properly applicable in a criminal trial. State v. Holzapfel, 192 Neb. 672, 223 N. W. 2d 670 (1974).

Although the sentencing judge may use all perti-

nent evidence or information in regard to sentencing, the due process rights of a defendant are violated when a defendant is sentenced on the basis of assumptions which are materially untrue, or on information of little or no reliability. Townsend v. Burke, 334 U. S. 736, 68 S. Ct. 1252, 92 L. Ed. 1690 (1948); United States v. Weston, 448 F. 2d 626 (9th Cir., 1971), cert. den. 404 U. S. 1061, 92 S. Ct. 748, 30 L. Ed. 2d 749 (1972). A court may consider relevant information, however, when the accuracy of the information is not disputed or objected to by the defendant at the proper time. See, United States v. Bass, 535 F. 2d 110 (D. D. C., 1976); United States v. Cardi, 519 F. 2d 309 (7th Cir., 1975).

In the present case, the defendant did not object to the report as being inaccurate or unreliable at the time of sentencing, even though the trial court specifically referred to the statements to which defendant objects. It is fundamental that error may not be predicated on a ground not preserved by a proper objection. State v. Schwade, 177 Neb. 844, 131 N. W. 2d 421 (1964). Where the defendant is advised by the court of information on which the court is relying in imposing the sentence, but does not object thereto, a contention by the defendant on appeal that the information was untrue will not be upheld. United States v. Bass, *supra*. The defendant was not denied the opportunity to see the complete report, or object to and rebut its contents, and therefore his contention that it was inaccurate and unreliable will not be entertained on appeal.

Defendant also contends that his sentence was excessive. He is 21 years of age, and has completed 3 years of college education. He was previously convicted of possession of marijuana in 1975. He was committed to the Youth Development Center in 1970 after a burglary.

This court has repeatedly stated that a sentence imposed within the statutorily prescribed limits will

not be disturbed on appeal unless there appears to be an abuse of discretion on the part of the sentencing judge. State v. Tweedy, 196 Neb. 252, 242 N. W. 2d 641 (1976). The possible penalty for each of the crimes to which defendant pled guilty was imprisonment of not less than 1 nor more than 10 years. § 28-4,125 (2), R. R. S. 1943. He received a consolidated sentence of 2 years imprisonment, which in effect was an indefinite term of 1 to 2 years under section 83-1,105 (2), R. R. S. 1943. The sentence was obviously within the statutorily prescribed limits, and was a minimum sentence. There was no abuse of discretion, and therefore the sentence of the District Court is affirmed.

AFFIRMED.