STATE OF NEBRASKA, APPELLEE, V. JAMES BATTERSHAW, APPELLANT.

371 N.W.2d 313

Filed August 2, 1985. No. 84-956.

Rodney J. Palmer of Palmer & Kozisek, for appellant.

Robert M. Spire, Attorney General, and Timothy E. Divis, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

James Battershaw appeals his conviction and sentence for sexual assault on a child of 14 years of age or younger in violation of Neb. Rev. Stat. § 28-320.01 (Cum. Supp. 1984), after his guilty plea to the charge in the district court for Cherry County. The district court sentenced Battershaw to a term of imprisonment not less than $1\frac{1}{2}$ nor more than $2\frac{1}{2}$ years. We affirm.

Initially, Battershaw was charged with first degree sexual assault (sexual penetration) of a victim under the age of 16 years in violation of Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1979), a Class II felony, punishable by imprisonment for a minimum term of 1 year and a maximum term of 50 years. See Neb. Rev. Stat. § 28-105 (Reissue 1979). The original information alleged the sexual assault occurred on July 7, 1984. Pursuant to a plea bargain, an amended information was filed, charging Battershaw with sexual assault (sexual contact) with the victim in violation of § 28-320.01, which became effective on July 10, 1984. Violation of § 28-320.01 is a Class IV felony, punishable by a maximum term of imprisonment for 5 years, a fine of $10,000, or by both such imprisonment and fine. See § 28-105. The amended information alleged that Battershaw's sexual contact with the victim occurred on July 10, 1984. On October 18 Battershaw entered a guilty plea to the amended information. Before accepting Battershaw's guilty plea the

district court explained that if the sexual assault took place before July 10, 1984, Battershaw was not guilty of violating § 28-320.01 in view of the effective date of the statute. In response to the court's explanation, Battershaw admitted he sexually assaulted the victim at Battershaw's house on July 10, 1984. Furthermore, the State informed the court that the police investigation revealed the last sexual contact between Battershaw and the victim occurred between July 10 and July 19, 1984. After accepting Battershaw's guilty plea the court ordered a presentence investigation and an evaluation to determine whether Battershaw was a mentally disordered sex offender. See Neb. Rev. Stat. §§ 29-2911 et seq. (Reissue 1979). Battershaw and the State agreed that the court select and appoint the persons to conduct the evaluation. The court appointed a psychiatrist and a clinical psychologist. In its order for the evaluation, the court stated that the examiners "are qualified to conduct the examination and have agreed to do so, and that said persons are hereby appointed to conduct the examination provided under Section 29-2913 and to report to the Court when their examination is completed."

On December 20, after completion of the presentence report and evaluations ordered by the court, Battershaw appeared before the district court for sentencing. Before imposing sentence the court specifically asked Battershaw and his attorney if they had reviewed the presentence report. Battershaw acknowledged review of the presentence report with his attorney and declined any corrections or additions to the presentence report submitted to the court. The presentence report contained written evaluations by the psychiatrist and clinical psychologist appointed by the court. These evaluations recited that Battershaw was not a mentally disordered sex offender. The presentence report also contained a "victim impact statement" in which the victim expressed a desire that Battershaw be imprisoned. At the sentencing hearing and in addition to the presentence report, the State separately offered the written evaluations by the psychiatrist and clinical psychologist. Battershaw did not object to the court's receiving or using the evaluations. The court then sentenced Battershaw. The next day, December 21, Battershaw filed a notice of appeal

to this court in accordance with Neb. Rev. Stat. § 25-1912 (Cum. Supp. 1984) and deposited the docket fee required for such appeal.

One week after filing his notice of appeal to the Supreme Court, Battershaw filed a motion for new trial in the district court. The district court ruled it was without jurisdiction to hear the motion and held that the Nebraska Supreme Court had sole jurisdiction of the matter.

On appeal to this court Battershaw assigns numerous errors which we find to be meritless.

First, Battershaw argues the trial court incorrectly held it lacked jurisdiction to hear the motion for new trial. This court has held that the district court is divested of jurisdiction over a particular case when an appeal of the case is perfected to the Supreme Court. *State v. Allen*, 195 Neb. 560, 239 N.W.2d 272 (1976). Therefore, the district court was correct in ruling that it lacked jurisdiction to dispose of Battershaw's motion for new trial.

Second, Battershaw contends the record does not indicate that the clinical psychologist and psychiatrist who rendered evaluations of Battershaw possessed the requisite 3 years of "special training in treatment of mental disorders" as specified in § 29-2913. Also, Battershaw claims prejudice because the evaluations were not filed with the court at least 10 days before Battershaw was sentenced, as required by § 29-2913. When the evaluations were offered at the sentencing hearing, Battershaw did not object to any aspect of the written evaluations submitted and used by the court, including the qualification of either examiner who prepared the evaluations concerning Battershaw. "It is fundamental that error may not be predicated on a ground not preserved by a proper objection." *State v. Bevins*, 198 Neb. 761, 765, 255 N.W.2d 284, 287 (1977). In this case absence of objection in the district court precludes our reviewing Battershaw's questions raised on appeal.

Third, Battershaw argues that the record fails to show that the county attorney consulted with the victim before entering into the plea bargain reached in this case. Neb. Rev. Stat. § 23-1201 (Reissue 1983) in part provides: "Prior to reaching a plea agreement with defense counsel, the county attorney shall

consult with or make a good faith effort to consult with the victim regarding the content of and reasons for such plea agreement." Battershaw failed to object to proceedings conducted consequential to the plea bargain, as well as participated in and accepted the bargained disposition, namely, reduction in the gravity of the charge with a corresponding reduction in possible penalty. Furthermore, the record contains no information or indication to this court concerning any remote possibility of prejudice attributable to the county attorney's apparent failure to consult with the victim regarding the plea agreement reached for disposition of Battershaw's case. Cf. Neb. Rev. Stat. § 29-2308 (Cum. Supp. 1984). Under the circumstances it is not necessary that we consider Battershaw's argument directed toward the plea agreement.

Fourth, Battershaw contends that the presentence report does not contain a written statement from the victim. See Neb. Rev. Stat. § 29-2261 (Cum. Supp. 1984). As previously noted, the presentence report did contain a written "victim impact statement."

Finally, Battershaw claims there was no factual basis shown regarding the date of the sexual assault charged in the amended information. Suffice it to say, the record contains the requisite and sufficient factual basis for Battershaw's plea of guilty.

AFFIRMED.