STATE OF NEBRASKA, APPELLEE, V. ROSS T. SHEPHERD, APPELLANT.
455 N.W.2d 566

Filed May 18, 1990.   No. 89-1185.

Max C. Mankin for appellant.

Robert M. Spire, Attorney General, and Susan M. Ugai for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is an appeal from a sentence of 20 months to 5 years' imprisonment for second degree forgery, a Class IV felony punishable by imprisonment for up to 5 years. The defendant contends that the judgment should be reversed because his plea of guilty was based upon a plea agreement which was breached by the prosecutor and that the sentence imposed was excessive.

The defendant appeared with counsel on July 17, 1989, at the arraignment and was fully advised of the nature of the charge against him; the effect of a plea of guilty and the possible penalty; the nature and extent of his constitutional rights, including the right to remain silent and not testify against himself, the right to a jury trial, the right to compulsory process for witnesses on his behalf, and the right to cross-examine the witnesses against him; and of the fact that a plea of guilty waived these rights. The defendant stated that he understood his constitutional rights and that by pleading guilty he waived those rights.

The following factual basis was given for the guilty plea. The defendant found a checkbook at Nate and Christie Miller's residence, where he was staying. He took one blank check and found a canceled check written by Christie Miller. He then traced the signature of Christie Miller from the canceled check onto the blank check and then traced over the signature on the blank check with ink. On June 3, 1989, he cashed the forged check at Chuck's Drive-in without prior approval of Christie Miller.

The plea negotiations stated to the court were that the State agreed to dismiss two counts of procuring alcohol for a minor, to not file three additional felony counts of forgery, to recommend a sentence on another procuring alcohol for a minor charge, and to not make a sentencing recommendation on the charge to which the defendant entered the plea of guilty. The defendant understood the court was not bound by the plea negotiations and could take anything into consideration in sentencing.

The trial court accepted the defendant's plea, found him guilty, and ordered a presentence report. The presentence report shows the defendant has a prior criminal history and was

previously incarcerated. He has been involved with law enforcement officers and the courts since he was 15 years old.

At the sentencing hearing on August 14, 1989, the defendant asked the court to place him on probation or to sentence him to 1 year in the county jail. The State recommended the defendant be sentenced to 20 months to 5 years. When asked by the trial court whether there was any response to the prosecutor's statement, neither the defendant nor his counsel objected.

The trial court then sentenced the defendant to a prison term of 20 months to 5 years, with credit for time served. The court stated that probation was not proper because of the defendant's previous incarceration. The court refused to sentence the defendant to the county jail because there were no activities available for someone held there for an extended period of time.

If a prosecutor promises not to make a sentence recommendation as a condition for a guilty plea, the State must adhere to that promise. *People v. Stripling*, 136 A.D.2d 772, 523 N.Y.S.2d 230 (1988) (citing *Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971)). Where a defendant's plea of guilty or nolo contendere is made in reliance on an unfulfilled promise by the prosecutor to make a favorable sentence recommendation or to remain silent as to sentencing, the courts generally permit withdrawal of the plea, even after sentencing. See *State v. Krug*, 187 Neb. 551, 192 N.W.2d 163 (1971).

However, the defendant in this case did not object to the prosecutor's recommendation even after the court asked if he cared to respond. In *People v. Stripling, supra*, and *Bishop v. Warden*, 94 Nev. 410, 581 P.2d 4 (1978), it was held that where no objection to a plea bargain violation was made to the sentencing judge, the defendant waived the error, and the issue was not preserved for appellate review. See, also, *State v. Witte*, 308 Minn. 214, 245 N.W.2d 438 (1976).

In *State v. Battershaw*, 220 Neb. 661, 371 N.W.2d 313 (1985), the defendant claimed that psychiatric evaluations were not filed with the court pursuant to statute. When the evaluations were offered at his sentencing hearing, the defendant failed to object to any aspect of the evaluations. This court refused to

review the issue because " '[i]t is fundamental that error may not be predicated on a ground not preserved by a proper objection.' " *Id.* at 663, 371 N.W.2d at 315 (quoting *State v. Bevins*, 198 Neb. 761, 255 N.W.2d 284 (1977)).

In this case, the defendant not only failed to object to the prosecutor's breach of the plea agreement, but did not move in arrest of judgment or to withdraw his plea of guilty in the trial court. A defendant is precluded from obtaining appellate relief from a prosecutor's violation of a plea agreement unless the defendant moves to set aside the plea in the trial court. *People v. Barajas*, 26 Cal. App. 3d 932, 103 Cal. Rptr. 405 (1972).

Courts should allow a defendant to withdraw a plea of guilty or nolo contendere " 'whenever the defendant, *upon a timely motion for withdrawal*, proves that withdrawal is necessary to correct a manifest injustice.' " (Emphasis supplied.) *State v. Goodrich*, 194 Neb. 217, 221, 231 N.W.2d 142, 145 (1975) (quoting ABA Standards Relating to Pleas of Guilty 2.1(a) (1979)). However, the defendant here failed to move to withdraw his plea. He has failed to preserve the issue, and this court is precluded from granting relief on that basis.

An order denying probation and imposing a sentence within the statutorily prescribed limits will not be disturbed on appeal unless there has been an abuse of discretion. *State v. Johnson*, 234 Neb. 110, 449 N.W.2d 232 (1989); *State v. Jenson*, 232 Neb. 403, 440 N.W.2d 686 (1989). The defendant's sentence was within the statutorily prescribed limit, and in view of the defendant's record, the trial court did not abuse its discretion in imposing such a sentence.

The judgment is affirmed.

AFFIRMED.