STATE OF NEBRASKA, APPELLEE, V.
PATRICK C. BIRGE, APPELLANT.
638 N.W.2d 529

Filed February 1, 2002.   Nos. S-00-984, S-00-1029.

Thomas C. Riley, Douglas County Public Defender, for appellant.

Patrick C. Birge, pro se.

Don Stenberg, Attorney General, and Susan J. Gustafson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
These consolidated cases on further review from the Nebraska Court of Appeals involve a violation of a plea agreement by the State and the availability of relief therefrom by a criminal defendant. Pursuant to a plea agreement in which the State agreed to remain silent at sentencing, Patrick C. Birge pled

no contest in the district court for Douglas County to unlawful possession with intent to deliver cocaine in case No. S-00-984, to burglary in case No. S-00-1029, and to habitual criminal charges in both cases.

At sentencing, the State asked the district court "to consider the full range" of available sentences. Birge's objection to the State's comment was overruled, and the sentences were imposed. Birge appealed his sentences to the Court of Appeals, which vacated Birge's sentences and remanded the causes for resentencing on the basis that the State had violated the plea agreement by failing to remain silent at sentencing. *State v. Birge*, Nos. A-00-984, A-00-1029, 2001 WL 968393 (Neb. App. August 28, 2001) (not designated for permanent publication). The State petitioned for further review claiming that because Birge did not move to withdraw his pleas, he was precluded from obtaining relief on appeal from the State's violation of the plea agreement, and that the Court of Appeals erred in granting appellate relief. We granted the State's petition for further review. We affirm the decision of the Court of Appeals.

STATEMENT OF FACTS

On April 24, 2000, Birge entered pleas of no contest to unlawful possession with intent to deliver cocaine in case No. S-00-984, to burglary in case No. S-00-1029, and to habitual criminal charges in both cases. Birge's pleas were entered as part of a plea agreement in which the State agreed both to dismiss certain other charges and to "remain silent at the time of sentencing." Other charges were dismissed, and the district court accepted Birge's pleas and found him guilty on the remaining charges indicated above.

At sentencing on August 30, 2000, defense counsel asked that Birge's sentences run concurrently and argued for the minimum sentences allowed by law. Thereafter, the following dialog occurred:

> THE COURT: . . . Does the State wish to be heard at all?
>
> [Prosecutor]: Just to make it clear, Judge, that the State does not share the comments of the defense. I would simply ask you to consider the full range of potential at your availability.

THE COURT: Okay. [Defense counsel], anything further then?

[Defense counsel]: No, Your Honor.

The district court then reviewed Birge's record and commented upon the violence of the instant crimes and Birge's prior convictions. The district court commented on whether the sentences should be consecutive or concurrent and concluded, "[E]ven though I've tried to listen to the strong statement made by your attorney . . . it's my conclusion that the sentences in these cases should run one after the other."

Defense counsel then called the district court's attention to the fact that the State had agreed as part of the plea agreement to "remain silent" at sentencing. Defense counsel argued that the prosecutor had violated the plea agreement by making the comments quoted above. The prosecutor then stated:

I have not made any recommendation as to sentencing. The Court asked me if I had anything to say, and I said that I didn't share counsel's remarks and that you're free to consider the full range available to you. But I haven't made any recommendation. The Court obviously is going to disregard anything that I say if the Court perceives it was inviolate [sic] of the plea agreement in any way. And if in fact it was, which I don't think it was, I will withdraw the remarks. I do not make any recommendation as to sentencing at all.

Defense counsel responded that the prosecutor's comments alone were enough to have violated the portion of the plea agreement that the State would remain silent at sentencing. The prosecutor replied, "In that case, if counsel wants to move to withdraw the plea agreement we can take that up, and obviously I would move to reinstate all the other charges." Birge did not subsequently move to withdraw his pleas.

The district court then stated that the prosecutor's comments "would not in any way have changed the Court's opinions." Defense counsel again objected to the prosecutor's comments; the district court noted the objection and overruled it. The district court then sentenced Birge to 10 to 20 years' imprisonment on the possession with intent to deliver charge and 10 to 20 years' imprisonment on the burglary charge and ordered that the sentences be served consecutively.

Birge appealed to the Court of Appeals, assigning as error the district court's imposition of excessive sentences and the State's violation of the plea agreement. The Court of Appeals determined that the prosecutor's comments at sentencing violated the State's plea agreement with Birge and vacated the sentences and remanded the causes to the district court for resentencing before a different judge. The State petitioned this court for further review. We granted the State's petition.

## ASSIGNMENTS OF ERROR

On further review, the State asserts that the Court of Appeals erred in (1) failing to find that Birge was precluded from obtaining appellate relief from the alleged violation of the plea agreement because although Birge objected, he did not move to withdraw his pleas; (2) finding *Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971), controlling under the facts of this case; and (3) failing to apply a harmless error analysis.

## STANDARD OF REVIEW

■ When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *State v. Kinney*, 262 Neb. 812, 635 N.W.2d 449 (2001).

## ANALYSIS

*Preservation of Issue of Violation of Plea*
*Agreement and Entitlement to Relief.*

The State argues that the Court of Appeals erred in failing to conclude that Birge had waived all errors with respect to the violation of the plea agreement because although he objected, he did not move to withdraw his pleas in the district court. The State asserts that the Court of Appeals erred by failing to follow the statement of this court in *State v. Shepherd*, 235 Neb. 426, 429, 455 N.W.2d 566, 568 (1990), wherein we stated, "A defendant is precluded from obtaining appellate relief from a prosecutor's violation of a plea agreement unless the defendant moves to set aside the plea in the court."

The Court of Appeals did not read *Shepherd* to require that the defendant was required both to object to the violation of the plea agreement and to move to withdraw pleas in order to preserve the

issue for appellate review. The Court of Appeals concluded that Birge's objection was sufficient to preserve the issue of violation of the plea agreement for appeal. The Court of Appeals thus rejected the State's argument and granted Birge relief. We conclude that where Birge objected before the district court, the Court of Appeals did not err in considering the issue of violation of the plea agreement on review and in ordering relief in the form of specific enforcement of the plea agreement by remanding the causes for resentencing before a different judge.

The leading U.S. Supreme Court case in this area is *Santobello v. New York, supra.* In *Santobello,* the U.S. Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." 404 U.S. at 262. The Court determined in *Santobello* that the State's promise to remain silent at sentencing had not been fulfilled and concluded that "the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration." 404 U.S. at 262-63. In *Santobello,* the defendant both objected at the time of the breach of the plea agreement and attempted to withdraw his plea of guilty. In regard to the remedy for the breach of a plea agreement, the Court stated:

> The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner would be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, *i.e.,* the opportunity to withdraw his plea of guilty.

*Santobello v. New York,* 404 U.S. 257, 263, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971).

Thus, in a case where the prosecutor has breached a plea agreement and the issue of the breach has been preserved, the U.S. Supreme Court has stated that the defendant is entitled to some relief which might take the form of either "specific performance of the agreement on the plea" or withdrawal of the

plea. *Id.* In the instant case, the State breached the portion of the plea agreement in which the State had agreed to remain silent at sentencing. In a situation such as the present case in which the State has breached the plea agreement by failing to remain silent at sentencing, specific performance may take the form of resentencing before a different judge, wherein the State remains silent. The U.S. Supreme Court left the choice of appropriate remedy under the circumstances of a particular case to "the state courts" and implied that the relief sought by the defendant should be considered in the choice of remedy. *Id.*

This court's decision in *State v. Shepherd*, 235 Neb. 426, 455 N.W.2d 566 (1990), refers to *Santobello*, and *Shepherd* should be viewed in light of the U.S. Supreme Court's statements in *Santobello*. In *Shepherd*, the defendant neither objected nor moved to withdraw his plea but nevertheless contended on appeal that the State had breached its promise made in the plea agreement to not make a sentencing recommendation. The defendant in *Shepherd* was denied relief on appeal. This court in *Shepherd* concluded that the defendant had waived the issue of violation of the plea agreement and made two separate statements. First, the defendant "did not object to the prosecutor's recommendation even after the court asked if he cared to respond." 235 Neb. at 428, 455 N.W.2d at 568. Referring to decisions in other state courts, this court stated that "where no objection to a plea bargain violation was made to the sentencing judge, the defendant waived the error, and the issue was not preserved for appellate review." *Id.* Second, this court observed in *Shepherd* that "the defendant not only failed to object to the prosecutor's breach of the plea agreement, but did not move in arrest of judgment or to withdraw his plea of guilty in the trial court." 235 Neb. at 429, 455 N.W.2d at 568. This court then commented, "A defendant is precluded from obtaining appellate relief from a prosecutor's violation of a plea agreement unless the defendant moves to set aside the plea in the trial court." *Id.* In view of the facts in *Shepherd*, this last comment, being broader than the case then sub judice, was dicta.

In the present case, the State and the Court of Appeals interpret *Shepherd* differently and Birge essentially relies on *Santobello*. It is undisputed that Birge objected to the State's violation of the plea agreement but did not move to withdraw his

pleas. In its decision granting relief, the Court of Appeals stated that *Shepherd* did not require Birge to both object and move to withdraw his pleas, and therefore, Birge's objection was sufficient to preserve the issue of the State's violation of the plea agreement for appellate review.

The State focuses on the second comment in *Shepherd* and argued to the Court of Appeals and again to this court that a defendant is entitled to no appellate relief for violation of a plea agreement unless the defendant has specifically moved to set aside the plea. We acknowledge that the State's position finds support in the language of *Shepherd*. However, in light of the U.S. Supreme Court's statements in *Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971), upon which *Shepherd* is based, and the facts in *Shepherd*, we conclude that this court's comment in *Shepherd* with respect to the purported necessity to move to withdraw a plea in order to preserve the issue of a breach of a plea agreement was overly broad and is hereby disapproved.

The Court in *Santobello* recognized that the appropriate relief for a plea agreement violation could be either specific performance of the plea agreement or withdrawal of the plea. The Court left the form of relief to the discretion of "the state courts" and implied that the choice was to be made based on the circumstances of a particular case and that the relief sought by the defendant should be considered in the choice of remedy.

In certain cases involving a violation of a plea agreement by the State, such as the present case, the defendant may seek to preserve the benefit of the portion of the plea agreement regarding the dropped charges and seek the remedy of specific performance of the portion of the plea agreement requiring the State to remain silent at sentencing. If the defendant is required to move to withdraw his or her plea before being entitled to appellate relief for a violation of the plea agreement, he or she risks the unwanted result that such motion will be granted and the plea withdrawn, rather than that the portion of the plea agreement requiring the State to remain silent at sentencing will be enforced. In order to (1) allow the trial courts and the appellate courts the option of granting relief in the form of specific performance of the plea agreement where appropriate, (2) permit the granting of

withdrawal of the plea where appropriate, and (3) allow a defendant to seek either form of relief pursuant to *Santobello*, we conclude that the defendant is precluded from obtaining trial or appellate relief in the form of withdrawal of the plea unless the defendant moves to set aside the plea in the trial court; however, if the defendant objects at the trial level, despite failing to move to withdraw the plea, the defendant is nevertheless entitled at trial and on appeal to consideration of relief in another form, such as specific performance of the plea agreement.

In the present case, Birge objected at sentencing to the State's violation of the portion of the plea agreement in which the State agreed to remain silent at sentencing, and the district court overruled Birge's objection. Birge preserved the issue of the State's violation of the plea agreement for appellate review. Because Birge did not move in the district court to withdraw his pleas, on appeal, Birge is precluded from obtaining relief in the form of withdrawal of his pleas. However, because Birge preserved the issue for review on appeal by noting his objection, the Court of Appeals properly granted relief in the form of specific performance. We therefore conclude that the Court of Appeals did not err in granting relief in the form of specific performance by vacating the sentences and remanding the causes to the district court for resentencing by a different judge.

*Application of* Santobello *and State's*
*Assertion of Harmless Error.*

The State next argues that the Court of Appeals erred by misapplying the U.S. Supreme Court's holding in *Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971), in the instant case. The State distinguishes *Santobello* on the basis that in the present case, after Birge's objection, the prosecutor offered to withdraw his remarks to the extent the district court might have found that they violated the agreement and invited Birge to withdraw his pleas. The State further asserts that the Court of Appeals erred by failing to apply a harmless error analysis and argues that there is proof in the instant case that Birge was not prejudiced by the prosecutor's comments at sentencing because the district court stated that it was not influenced by the comments.

We reject these arguments. In *Santobello*, the Court stated:

[The sentencing judge] stated that the prosecutor's recommendation did not influence him and we have no reason to doubt that. Nevertheless, we conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state court for further consideration. . . . We emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutor, not on the sentencing judge.

404 U.S. at 262-63.

Under *Santobello*, once the State has violated the plea agreement by failing to remain silent at sentencing, the violation cannot be cured either by the prosecutor's offer to withdraw the comments or by the trial court's statement that it will not be influenced by the prosecutor's comments in imposing sentence. Instead, relief must be afforded by either withdrawal of the plea or specific performance of the plea agreement in the form of sentencing before a different judge. Therefore, the Court of Appeals did not err where it did not find the violation of the plea agreement to be harmless error, notwithstanding the district court's statement that it was not influenced by the prosecutor's comments. The prosecutor could not cure its violation of the plea agreement by offering to withdraw the remarks, nor did the prosecutor's "offer" to Birge to withdraw his pleas cure the violation. We therefore reject the State's second and third assignments of error on further review.

## CONCLUSION

We conclude that the fact that Birge did not move to withdraw his pleas precluded him from obtaining relief on appeal in the form of withdrawal of his pleas but did not preclude Birge from obtaining appellate relief in the form of specific performance of the State's agreement to remain silent at sentencing. We disapprove the comment in *State v. Shepherd*, 235 Neb. 426, 455 N.W.2d 566 (1990), to the contrary. By objecting to the State's breach of the plea agreement, Birge preserved the issue of violation of the plea agreement and his entitlement to specific

performance for review on appeal. The Court of Appeals did not err in vacating his sentences and remanding the causes for resentencing before a different judge. We reject the State's assignments of error on further review and affirm the decision of the Court of Appeals.

AFFIRMED.