# IN THE COURT OF APPEALS OF IOWA

No. 18-1793
Filed January 9, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**NICHOLAS WAYNE BURGESS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Lee (South) County, Mark E. Kruse

(plea) and Michael J. Schilling (sentencing), Judges.

        Nicholas Burgess appeals from the sentence imposed upon his conviction

for delivery of a schedule II controlled substance. **AFFIRMED.**

        William Monroe of Law Office of William Monroe, Burlington, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee.

        Considered by Bower, C.J., and May and Greer, JJ.

**BOWER, Chief Judge.**

Nicholas Burgess appeals from the sentence imposed upon his conviction for delivery of a schedule II controlled substance (morphine), in violation of Iowa Code section 124.401(1)(c)(8) (2017), a class "C" felony, contending the prosecutor breached the plea agreement to recommend a suspended sentence and his defense counsel was ineffective in not objecting.[1]  We disagree and therefore affirm.

On May 14, 2018, Burgess entered a plea of guilty to delivery of morphine. The court's order regarding the guilty plea described the plea agreement:

> The defendant will plead guilty to the charge in the Trial Information without the enhancement.  At sentencing the State will recommend the defendant receive a suspended sentence and the minimum fine. Defendant agrees to pay restitution to the Lee County Narcotics Task Force in the amount of $50.00.

At the plea hearing, the court asked Burgess:  "Do you understand that any agreements made are not binding on the court and the court alone will decide at a later time what the exact sentence will be?"  Burgess responded, "Yes, sir."

A sentencing hearing was held on August 6.  A presentence investigation (PSI) report enumerated Burgess's fifteen-year adult criminal history, his episodic employment history, various incarcerations, and numerous experiences with substance-abuse treatment.  The PSI report preparer recommended incarceration.

The prosecutor made the following statement:

---

[1] The State asserts Burgess has no right to appeal from a plea of guilty here due to recent amendments to Iowa Code 814.6(1).  Our supreme court decided 2019 amendments to Iowa Code section 814.6, limiting direct appeals from guilty pleas apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019.  *See State v. Macke*, 933 N.W.2d. 226, 235 (Iowa 2019).

Your Honor, if my memory serves me correctly here, shortly after these charges were filed, I believe Mr. Burgess was sentenced to incarceration on another matter so he remained incarcerated for a significant period of time, I believe, while these charges were pending.

Once he was released from custody, he came into court and entered a guilty plea in this matter. And pursuant to a plea agreement and based on the time he had served, the State agreed at that point in time that at the time of sentencing to recommend a suspended sentence with formal probation for Mr. Burgess.

. . . Obviously, in looking at the PSI, the defendant has a terrible criminal history and not a favorable work history either. The State does recommend to the court today a suspended sentence notwithstanding the recommendation of the Department of Correctional Services.

. . . Well, first of all, on the plea agreement, secondly, on the fact that he just did prison time prior to pleading guilty to this offense here and I believe after the charge was incurred.

While on pretrial, it looks like Mr. Burgess has tested positive for meth on two occasions and, again, does not appear to have steady employment at this time. According to the PSI, it appears he does have a stable residence. The State is willing to stand by the plea agreement and recommend a suspended sentence in this matter.

I would note that the defendant apparently has obtained a substance abuse evaluation with the recommendation—reported recommendation—for inpatient treatment. I have not seen this document; but I think if that is the case, the court could and probably should make a requirement of his probation to obtain a substance abuse evaluation and follow through with the recommended treatment. Inpatient would probably benefit the defendant at this point in time.

The defense argued for a suspended sentence:

We would request that the court suspend the sentence in this matter, place Mr. Burgess on formal probation for many of the reasons [the prosecutor] just spoke of. I agree that Mr. Burgess does have a lengthy criminal history.

He's still relatively young, though. He's in his thirties, I believe. He does have a long life in front of him. It appears he has a pretty substantial drug issue that . . . he's been dealing with.

Defense counsel noted the length of time Burgess had been reporting to

pretrial supervision, he had "no further violations of the law," and he had attended

required appointments. Burgess had also been involved in substance-abuse treatment and was awaiting placement in inpatient treatment. Counsel noted Burgess was not working because he first needed to attend inpatient treatment. Because Burgess was "moving in the right direction of trying to comply with what's needed, trying to address the use of methamphetamine," he requested a suspended sentence.

The court imposed a term of confinement not to exceed ten years. The court explained:

> Number one, you're not a youthful offender; you're [thirty-four] years of age. Number two, your criminal record is lengthy. By my calculation, you've been convicted of five thefts, three burglaries, five drug-related charges and six assault or assault-related charges. And the court can't overlook that criminal record. The third factor is that you have refused repeatedly to take advantage of both community-based services offered to you including but not limited to substance abuse treatment and resources offered to you in the Department of Corrections. Next, the Department of Corrections recommends confinement. And I agree in this case that confinement is appropriate.
> A suggestion has been made that you should be able to use the resources in the community. Ordinarily, I would agree with that, Mr. Burgess; but when you look at the number of times you've been offered services in the community and have refused or failed to take advantage of those, the only fair and reasonable conclusion is that it's not likely that you're going to do so now. There's nothing that's happened that I can see in the record that would suggest that you've turned a new leaf and you're going to become a law-abiding citizen.
> It's important to remember that this crime occurred while you were on parole. And the reason why you served an extensive period of time before you were placed on pre-trial release is that your parole was violated and you went to prison for another offense that you committed.
> It's important to note that the fact that you served an extensive prison sentence before committing this crime did not deter you from committing this crime. So I'm not persuaded that the amount of time you served either before you pled guilty or since you've pled guilty should subtract from the history, extensive history going back over [ten] years of criminal behavior of the type that I have already

mentioned. It's necessary for the protection of the community that you be confined in this court's opinion.

Burgess appeals, contending his plea counsel was ineffective. He argues the prosecutor's comment that Burgess had "a terrible criminal history and not a favorable work history either" violated the spirit of the plea agreement and his counsel was ineffective in failing to object to the prosecutor's breach.

Our review of a claim of ineffective assistance of counsel is de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

"To prevail on a claim of ineffective assistance of counsel, the defendant must prove that his counsel failed to perform an essential duty and that the defendant suffered prejudice as a result of this failure." *State v. Horness*, 600 N.W.2d 294, 298 (Iowa 1999). While claims of ineffective assistance of counsel are typically reserved for postconviction-relief proceedings, we consider the claim on direct appeal because the record is adequate. *See State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008).

Here, the plea agreement required the State "recommend the defendant receive a suspended sentence and minimum fine." To "recommend"

> requires the prosecutor to present the recommended sentence[] with his or her approval, to commend the[] sentence[] to the court, and to otherwise indicate to the court that the recommended sentence[] [is] supported by the State and worthy of the court's acceptance.

*Horness*, 600 N.W.2d at 299. The prosecutor must do more than merely inform the court of the promise made by the State. *Id.* "[T]he State must comply with the spirit of the agreement as well." *Id.* at 296.

In *Horness*, the court found defense counsel had a duty to object because, although the prosecution set forth the plea recommendation, it also twice

referenced the "alternative recommendation" in the presentence investigation, which contained a "more severe" sentencing proposal, and did not put forth the plea agreement "with some degree of advocacy." *Id.* at 299-300.

In *State v. Lopez*, the supreme court concluded the "prosecutor failed to indicate [the promised recommendation of] probation was worthy of the court's acceptance." 872 N.W.2d 159, 179–80 (Iowa 2015). Rather, the prosecutor breached that duty by gratuitously introducing photos of the child victim's injuries not otherwise before the court and using those photos on cross-examination to signal the defendant deserved incarceration rather than probation. *Id.* at 180.

In *Bearse*, the court held defense counsel violated a duty to object to the prosecutor's breach of a plea agreement—the prosecutor had promised to recommend against incarceration. 748 N.W.2d at 216. However, the court noted the prosecutor

> [i]nstead . . . merely indicated the State would "abide by the agreement," but only after first telling the court it was "not bound by the plea agreement," followed by a reminder that the court had "the presentence investigation report." We have said "[t]he State's promise to make a sentencing recommendation . . . [carries] with it the implicit obligation to refrain from suggesting more severe sentencing alternatives." *Horness*, 600 N.W.2d at 299 (recognizing the plea agreement "is of little value to the defendant" if the State is allowed to recommend alternative sentences); *see also State v. Birge,* 638 N.W.2d 529, 536 (Neb. 2002) (finding breach of a plea agreement cannot be cured by prosecutor's offer to withdraw improper remarks, even in case where district court affirmatively stated it was not influenced by the improper comments). Not only did the State in this case mistakenly recommend incarceration at the outset, but it clearly suggested incarceration should be imposed by referring to the presentence investigation report (which recommended incarceration) and reminding the court that it was not bound by the plea agreement. The State clearly breached the plea agreement by suggesting more severe punishment than it was obligated to recommend.

*Id.* at 216.

Here, "[t]he relevant inquiry in determining whether the prosecutor breached the plea agreement is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015). Yet, if "the State technically complied with the agreement by explicitly recommending the agreed-upon sentence but expressed material reservations regarding the plea agreement or sentencing recommendation, it can be fairly said the State deprived the defendant of the benefit of the bargain and breached the plea agreement." *Id.*

In *Frencher*, this court explained:

> The expression of a material reservation regarding the plea agreement or sentencing recommendation can be explicit or implicit. For example, the prosecutor may explicitly express regret for entering into the plea agreement. *See, e.g., State v. Hickman*, No. 14–0269, 2014 WL 5251116, at *2–3 (Iowa Ct. App. Oct. 15, 2014) (holding the prosecutor breached the plea agreement when he stated he had difficulty making the agreed upon sentencing recommendation). The prosecutor may also implicitly express material reservation to the plea agreement or recommended sentence in a number of ways. For example: by proposing alternative sentences; by requesting "an appropriate sentence" rather than the agreed-upon sentence; by making a recommendation and then reminding the court it is not bound by the plea agreement; or by emphasizing a more severe punishment recommended by the presentence investigation author. *See, e.g., Bearse*, 748 N.W.2d at 216 (holding the prosecutor breached the plea agreement by suggesting greater punishment was warranted); *Horness*, 600 N.W.2d at 300 (holding the prosecutor breached the plea agreement by informing the court of alternative recommendation and breached the plea agreement by requesting "an appropriate sentence"); *Chest v. State*, No. 13–0069, 2014 WL 1494900, at *5 (Iowa Ct. App. Apr. 16, 2014) (holding State breached plea agreement where prosecutor expressed it was "hard to stand before the court" and give the recommendation and emphasized facts of the case); *State v. Dudley*, No. 09–1772, 2010 WL 3157757, at *1–2 (Iowa Ct. App.

Aug. 11, 2010) (holding State breached plea agreement where prosecutor made agreed upon recommendation but called [PSI] writer as witness to "clarify" position on recommending a more severe sentence).

*Id.* at 285.

On the other hand, where the prosecutor referenced a defendant's criminal history "to provide context for the sentencing recommendation while at the same time making a strong recommendation for a suspended sentence," this court has found no breach by defense counsel. *See State v. McDowell*, No. 17-0679, 2017 WL 6034123, at *1 (Iowa Ct. App. Dec. 6, 2017); *see also State v. Schlachter*, 884 N.W.2d 782, 786 (Iowa Ct. App. 2016) ("The correct recitation of Schlachter's criminal record was not a distraction from the prosecutor's recommendation, but strengthened it by alerting the court the prosecutor was aware of Schlachter's criminal record and was making the recommendation with that knowledge."); *Frencher*, 873 N.W.2d at 285 (concluding there was no breach where the prosecutor discussed criminal history "only to provide context to the sentencing recommendation").

In Burgess's case, the prosecutor did not propose alternative sentences, request a more appropriate sentence rather than the agreed-upon suspended sentence, make a recommendation and then remind the court it is not bound by the plea agreement, or emphasize the more severe punishment recommended by the PSI author. Given the favorable plea agreement offered by the State, Burgess's extensive criminal history, and the PSI recommendation, it was reasonable for the prosecutor to acknowledge the defendant's criminal history to explain the State's recommendation for a suspended sentence. We conclude the

statements about Burgess's criminal history were more by way of explanation to the court than of an underhanded or misleading nature. Consequently, defense counsel had no duty to object to the prosecutor's sentencing statements and Burgess's ineffective-assistance-of-counsel claim fails. We affirm.

**AFFIRMED.**