760 N.W.2d 358 (2009)
17 Neb. App. 348
STATE of Nebraska, appellee,
v.
John A. FENIN, Appellant.
No. A-08-987.
Court of Appeals of Nebraska.
January 27, 2009.
*359 Michael D. Nelson and Cathy R. Saathoff, of Nelson Law, L.L.C., Omaha, for appellant.
Jon Bruning, Attorney General, and James D. Smith for appellee.
IRWIN, CARLSON, and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
John A. Fenin appeals from the district court's sentence of 45 to 55 years' imprisonment for sexual assault and incest. Fenin claims that the State violated its agreement to remain silent during sentencing and that the court imposed excessive sentences. We find that Fenin failed to preserve an objection to the State's violation and that the district court did not abuse its discretion in sentencing Fenin. We therefore affirm.

BACKGROUND
On March 10, 2008, Fenin pled no contest to the charges of first degree sexual assault, a Class II felony punishable by 1 to 50 years' imprisonment, and incest, a Class III felony punishable by 1 to 20 years' imprisonment and up to a $25,000 fine. The State agreed that if Fenin pled no contest to these charges, it would drop third degree sexual assault of a child and child abuse charges, refrain from filing further charges based on Fenin's alleged assault of the victim's sister, and would remain silent during sentencing.
At sentencing, the State failed to remain silent. After the court heard defense counsel's argument regarding sentencing, the court stated that it would "hear from the State." The State then presented an argument regarding sentencing. As part of the argument, the prosecuting attorney discussed Fenin's alleged abuse of the victim's sister, which was not the basis for the charges. Fenin's counsel then objected during this portion of the State's argument. The exchange went as follows:
[Prosecutor:] I would also comment her sister has since come forward and there is such evidence the same has occurred to [the victim's sister], the same things perpetrated on [the victim] by the defendant, so I would argue to the Court that this is his third time he has done this to a child.
If you look at the criminal history
[Defense counsel]: Your Honor, I'm sorry, but I  I don't mean to interrupt, but I would object to that at this point.
THE COURT: I'm not going to consider it because the State has the opportunity to file charges if they wanted to, so I'm not going to consider anything *360 with the sister. That would not be appropriate.
[Prosecutor]: Your Honor, I can argue as my allocution that this is in the PSI, these allegations, so I think it's appropriate that I do make those comments.
THE COURT: It's uncharged misconduct and so  Was that part of the plea agreement, that you wouldn't file on the sister?
[Prosecutor]: Yes.
THE COURT: Is that correct, [defense counsel]?
[Defense counsel]: That's correct, Your Honor.
THE COURT: Okay. Then I do think it's appropriate, [defense counsel]. [The State] can argue it then.
The State subsequently resumed its argument, and Fenin did not make any further objections to the State's argument. Fenin made no attempt to withdraw his plea. The district court sentenced Fenin to 40 to 50 years' imprisonment for the sexual assault conviction and 5 years' imprisonment for the incest conviction. The court ordered that the sentences be served consecutively.
Fenin timely appeals.

ASSIGNMENTS OF ERROR
Fenin makes two assignments of error, which we restate: First, Fenin alleges that the district court erred in overruling his objection to the State's failure to maintain silence during sentencing. Second, Fenin alleges that the district court erred in imposing excessive sentences.

STANDARD OF REVIEW
When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. State v. Birge, 263 Neb. 77, 638 N.W.2d 529 (2002).
A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. State v. Kinkennon, 275 Neb. 570, 747 N.W.2d 437 (2008).

ANALYSIS

Plea Bargain.
Fenin contends that he is entitled to specific performance of the plea bargain agreement. Fenin argues that because the State breached an agreement to remain silent during sentencing, he is entitled to specific enforcement of the plea bargain. We conclude that Fenin is not entitled to such relief because he failed to object to the State's failure to remain silent.
Pursuant to State v. Birge, supra, when the State violates a plea bargain which requires the State to remain silent at sentencing, the defendant has the option of either withdrawing his plea or objecting to the State's failure to remain silent at sentencing. Subsequently, when the defendant has objected but has not sought to withdraw his plea, he may seek specific performance of the plea agreement, such as resentencing by a different judge on the terms of the plea bargain. See id. However, the Birge opinion did not eliminate the requirement that the issue of the breach must be preserved, pursuant to State v. Shepherd, 235 Neb. 426, 455 N.W.2d 566 (1990), disapproved in part on other grounds, State v. Birge, supra.
Fenin did interpose an objection, but it was insufficient to preserve an error related to the State's failure to maintain silence during sentencing. A proper objection, stating the specific grounds therefor, and an adverse ruling thereon must *361 appear on the record to preserve the issue for consideration on appeal. State v. Birge, 215 Neb. 761, 340 N.W.2d 434 (1983). Defense counsel's statement that he "would object to that at this point" does not set forth any specific ground for the objection. Because Fenin did not object until the State had already completed a significant portion of its argument, the general objection had no apparent relationship to the State's failure to remain silent. Rather, the context of the objection suggested an entirely separate basis for objection. The colloquy that followed the objection evidently and naturally led the district court to believe that Fenin was objecting to the prosecution's statements regarding the victim's sister. The district court's ruling was limited to the issue apparently identified by Fenin's counsel. Because Fenin made no specific objection to the State's failure to remain silent and received no ruling in this matter, he failed to preserve this issue for appeal.

Sentencing.
Fenin alleges that the district court's sentences constituted an abuse of discretion. A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. State v. Kinkennon, 275 Neb. 570, 747 N.W.2d 437 (2008). Fenin's sentences fall within statutory guidelines so they may only be overturned for abuse of discretion. When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. Id. We have reviewed the record and determined that, considering the above factors, the district court did not abuse discretion in sentencing Fenin. In particular, we note that Fenin had previously been convicted of first degree sexual assault on a child and had an extensive criminal record dating back to his youth.

CONCLUSION
We conclude that Fenin failed to preserve an objection to the State's violation of the plea bargaining agreement that the State would remain silent during sentencing. Fenin made only a general objection which did not preserve the claim he now raises on appeal. We also conclude that the district court's sentences were not an abuse of discretion. We therefore affirm the sentences imposed by the district court.
AFFIRMED.