IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MARTINEZ-ESTRADA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JOSE E. MARTINEZ-ESTRADA, APPELLANT.

Filed February 6, 2018.    No. A-17-526.

Appeal from the District Court for Platte County: ROBERT R. STEINKE, Judge. Affirmed.

Timothy P. Matas, Platte County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

MOORE, Chief Judge, and BISHOP and ARTERBURN, Judges.

BISHOP, Judge.

Jose E. Martinez-Estrada pled no contest to one count of driving under revocation, a Class IV felony. The district court for Platte County sentenced him to 2 years' imprisonment, and 9 months' post-release supervision. The district court also ordered his license revoked for 15 years. Martinez-Estrada claims the State breached the plea agreement and the district court imposed an excessive sentence. For the following reasons, we affirm.

BACKGROUND

On January 25, 2017, the State filed an information charging Martinez-Estrada with one count of driving under revocation, a Class IV felony, pursuant to Neb. Rev. Stat. § 60-6,197.06 (Cum. Supp. 2016). We note that Martinez-Estrada's offense occurred after August 30, 2015, the effective date of 2015 Neb. Laws, L.B. 605, which changed the classification of certain crimes and made certain amendments to Nebraska's sentencing laws.

On March 22, 2017, Martinez-Estrada pled "no contest" to one count of driving under revocation. Pursuant to a plea agreement, the State agreed to "stand silent at sentencing." According to the factual basis provided by the State,

> [O]n September 21st of 2016, at approximately 3:23 in the afternoon, Deputy Alexander was participating in a vehicle inspection operation in the area of East 8th Street and East 14th Avenue in Columbus, Platte County, Nebraska. He had contact with the driver of a Pontiac Grand Am. The driver identified himself with a Mexican identification card as the defendant, Jose E. Martinez-Estrada. Jose stated that he did not have a valid driver's license as soon as he handed over the card to the officer. He was also not wearing his seatbelt at the time of his contact with Deputy Alexander.
>
> Records check indicated that there was no record of a driver's license being issued to Jose. Jose was placed under arrest and transported to the Platte County Detention Facility. At that time -- he was essentially issued a citation for no seatbelt and he was placed under arrest for not having a license. However, at that time I don't think that Deputy Alexander realized that it was based on a revocation, not just a simple no ops. And the State has the prior record, a certified copy of the prior record of conviction, which the State would -- which the State has marked as Exhibit 1 and would produce as evidence for the purposes of a factual basis.
>
> . . . . [The exhibit was received for purposes of a factual basis without objection.]
>
> Essentially indicates that there is a 15-year revocation in place based on a July 12, 2004, Platte county sentence in county court case, CR04-657.
>
> For the record, I'd note that this stop came about based on a vehicle stop. It wasn't a situation where there was a DUI or any other -- well -- or any other additional nefarious bad act.

The district court accepted Martinez-Estrada's no contest plea to one count of driving under revocation, and found him guilty of the same. The case was set for sentencing.

After a hearing on May 12, 2017, the district court sentenced Martinez-Estrada to 2 years' imprisonment, with 1 day of credit for time served, followed by 9 months of post-release supervision; his driver's license was also ordered revoked for 15 years.

Martinez-Estrada now appeals.

## ASSIGNMENTS OF ERROR

Martinez-Estrada assigns, reordered, that (1) the State breached the plea agreement and the court erred by allowing the entrance of an exhibit over objection, and (2) the district court imposed an excessive sentence.

## STANDARD OF REVIEW

When the facts are undisputed, the question of whether there has been a breach of a plea agreement is a question of law. *State v. Smith*, 295 Neb. 957, 892 N.W.2d 52 (2017). When issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below. *State v. Landera*, 285 Neb. 243, 826 N.W.2d 570 (2013).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Jones*, 297 Neb. 557, 900 N.W.2d 757 (2017). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id*.

ANALYSIS

*Plea Agreement.*

Martinez-Estrada claims that the State breached the plea agreement that it would "stand silent at sentencing."

At the sentencing hearing on May 12, 2017, the court noted that it had reviewed the presentence investigation report (PSI), which had been submitted on April 27, and would consider its contents when imposing sentence. The court asked the State if it had an opportunity to review the PSI, and the State responded affirmatively. The court asked if there were "[a]ny additions or corrections on behalf of the State." The State said it did "have evidence that it would like to offer for the [PSI]," and offered exhibit 2 for sentencing. Exhibit 2 contained an "Arrest/Detention Probable Cause Affidavit" which stated that on April 16, Martinez-Estrada was alleged to have committed the following offenses: driving under the influence of alcohol (second offense); driving under revocation; expired registration; and a stop sign violation. Exhibit 2 also contained a complaint entered in the county court for Platte County on May 2, charging Martinez-Estrada with two counts arising from his alleged actions on April 16: (1) driving under 15-year revocation (second offense), a Class IIA felony, under § 60-6,197.06; and (2) DUI, second offense, a Class W misdemeanor, under Neb. Rev. Stat. § 60-6,196 (Reissue 2010).

When asked if he wished to be heard, Martinez-Estrada's counsel (a deputy public defender) said, "I would resist, but I don't know if [the Platte County Public Defender] knew about this before the hearing or not. I'm not even sure it happened." The court overruled "any objections" and received the exhibit for sentencing purposes. Martinez-Estrada's counsel was asked if he had any additions or corrections to the PSI, and counsel said he did not.

The court then told the State it "may be heard by way of allocution." In response, the State said, "Your Honor, the plea agreement in this case . . . indicated that the State would stand silent at sentencing and the State is complying with that plea agreement."

Martinez-Estrada's counsel was then given an opportunity for allocution. Counsel said he "would ask the Court to disregard the addition in the spirit of the plea agreement." He also asked the Court to consider that the offense was nonviolent, and was a driving offense that did not involve a DUI. Counsel asked the court "not to send [Martinez-Estrada] to prison for a driving offense[.]" Counsel said his client informed him he sold his car, and "with that, we just pray for mercy."

Martinez-Estrada claims the State breached the plea agreement at sentencing by offering exhibit 2 (evidence of recent charges after the completion of the PSI), which he claims was "making a statement" and violated the State's agreement to stand silent. He also argues the court erred by allowing the exhibit over objection. The State submits that there was no breach of the plea agreement. It claims that offering exhibit 2 was in response to the court's inquiry regarding corrections or additions to the PSI.

We need not decide whether the State's offer of exhibit 2 violated its agreement to "stand silent at sentencing" because after our review of the record, we find that Martinez-Estrada did not make a timely and specific objection to the State's alleged failure to remain silent. After the State offered exhibit 2 into evidence (as an update to the PSI), Martinez-Estrada's counsel "resist[ed]" the receipt of the exhibit. To the extent this was an objection, it was not related to any alleged violation by the State of the plea agreement. Rather, defense counsel's reason for the objection went to notice, as he said, "I don't know if [the Platte County Public Defender] knew about this before the hearing or not. I'm not even sure it happened." Because Martinez-Estrada did not make a specific objection to the State's failure to remain silent, and received no ruling on that basis, he failed to preserve this issue for appeal. See *State v. Fenin*, 17 Neb. App. 348, 760 N.W.2d 358 (2009) (because defendant made no specific objection to the State's failure to remain silent and received no ruling on that basis, he failed to preserve issue for appeal).

During allocution, Martinez-Estrada's counsel did ask the court "to disregard the addition in the spirit of the plea agreement." However, counsel's request was made in the context of an argument, and did not constitute a specific objection. In any event, the exhibit had already been received into evidence, so any objection would have been untimely. See *State v. Casterline*, 293 Neb. 41, 878 N.W.2d 38 (2016) (failure to make timely objection waives right to assert prejudicial error on appeal).

We note that Martinez-Estrada's argument that the court erred in accepting the exhibit and considering it for sentencing was tied to his argument that the exhibit was offered in violation of the plea agreement. Because we have already found that Martinez-Estrada did not make a timely and specific objection to the exhibit based on the State's alleged violation of the plea agreement, the court could not have erred in receiving the exhibit in that regard.

*Excessive Sentence.*

Martinez-Estrada asserts that the district court imposed an excessive sentence and that upon consideration of all of the appropriate sentencing factors, a lesser sentence would have been more appropriate. Factors a judge should consider in imposing a sentence include the defendant's age, mentality, education, experience, and social and cultural background, as well as his or her past criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime. *State v. Dixon*, 286 Neb. 334, 837 N.W.2d 496 (2013).

Martinez-Estrada was 58 years old at the time of sentencing. The PSI notes that Martinez-Estrada failed to show up for two scheduled PSI interviews in the current case. However, he previously completed a PSI in a separate criminal case in 2014 (for operating a motor vehicle during 15-year revocation), and that PSI was attached to the current PSI as it provided information concerning his background. According to the 2014 PSI, Martinez-Estrada was born in Mexico and is a resident alien. He was divorced and had four adult children. Martinez-Estrada had 2 years of education in Mexico and was not able to further his education because his parents were "'dirt poor'" and the children had to help support the family. He is limited in his understanding of the English language. Martinez-Estrada moved to the United States when he was 20 years old; he originally lived in Washington and California, but moved to Columbus 20 years ago (as of 2014). He was employed as a general laborer by a contracting company in Columbus and his employer

- 4 -

noted he had an "'excellent attendance record'" and worked overtime when asked. He was sending $200 every two weeks to his mother in Mexico, to help her afford the necessities of life because he was her sole support. It appears he was still employed at that same company at the time of the current PSI.

Martinez-Estrada's criminal history includes convictions for "DUI-1st Offense" (twice), "DUI-2nd Offense," "DUI-3rd Offense," "DUS," operating a motor vehicle during 15-year revocation, attempted bribery, third degree domestic assault, and disturbing the peace. His current conviction is for driving under revocation. And as noted in exhibit 2 received at the sentencing hearing, Martinez-Estrada has been subsequently charged in a separate case with driving under 15-year revocation (second offense) and DUI, second offense.

As part of the 2014 PSI, the probation officer conducted a level of service/case management index. Martinez-Estrada was assessed in the "high" risk range to reoffend. The probation officer stated that "[a]lthough [Martinez-Estrada] indicates he was driving for work purposes, he did not have a work permit, nor did he have an interlock device allowing him to operate a motor vehicle." He "knows right from wrong concerning his driving privileges in the State of Nebraska," but "[h]e chose to operate a motor vehicle in violation of the laws."

The probation officer in the current PSI opined that Martinez-Estrada is not an appropriate candidate for probation. The probation officer stated Martinez-Estrada

> continues to operate [a] motor vehicle after a 15 year revocation. He apparently has little respect for the instructions of the court. In my opinion, a term of probation will depreciate the seriousness of this crime and continue to promote his disrespect for the laws [of the] state of Nebraska and the safety of its citizens. I further feel, if placed on probation, he will engage in further illegal and inappropriate behaviors.

The probation officer recommended the court sentence Martinez-Estrada "to the statutory penalty of incarceration," and recommended a number of post-release supervision terms.

As noted previously, at the sentencing hearing, Martinez-Estrada's counsel asked the court to disregard the contents of exhibit 2, and to consider that the offense was nonviolent, and was a driving offense that did not involve a DUI. Counsel asked the court "not to send [Martinez-Estrada] to prison for a driving offense[.]" Counsel said his client informed him he sold his car, and "with that, we just pray for mercy."

The district court said it read and carefully considered the PSI. The court noted Martinez-Estrada's "lengthy previous criminal history" and that the current case is his second conviction for felony driving under revocation. The court said "that behavior in itself sends a message to the Court and that is that you will disregard the law at your pleasure and continue to operate a motor vehicle in violation of the Court's previous revocation order." It was also significant to the court that Martinez-Estrada "twice failed to appear at probation to assist in the preparation of the [PSI]" and "[t]hat behavior, too, shows [a] willingness to disregard the Court's orders." The court continued:

> Exhibit 2, received today, would indicate that while this case was pending you have at least again had a contact with law enforcement and were arrested and have been charged with DUI, second offense, and driving -- and . . . yet, another felony driving under a 15-year revocation. Those charges are pending in the county court. You have not been convicted

of them, I recognize that and understand that. Nonetheless, at a minimum, it shows to the court that you had further contact with law enforcement.

The court found Martinez-Estrada's behavior to be "highly disrespectful to the law" and said it showed his willingness to continue to violate that law.

The court found that "based on the record," Martinez-Estrada was not an appropriate candidate for probation. The court found "substantial and compelling reasons" why Martinez-Estrada could not effectively be supervised in the community, namely: probation would depreciate the seriousness of his crime and promote disrespect for the law; the risk is substantial that during any period of probation he would engage in additional criminal conduct and behavior; and his lengthy previous criminal history, and his character and attitudes indicate that he is likely to commit another offense and is not likely to respond affirmatively to probationary treatment. The district court sentenced Martinez-Estrada to a determinate sentence of 2 years' imprisonment, with 1 day of credit for time served, and 9 months' post-release supervision. Additionally, pursuant to § 60-6,197.06, his operator's license was ordered revoked for a period of 15 years, with the possibility of operating a motor vehicle with an ignition interlock permit and an ignition interlock device pursuant to statute.

Martinez-Estrada's offense (which occurred after L.B. 605) was a Class IV felony, punishable by up to 2 years' imprisonment, a $10,000 fine, or both fine and imprisonment; and required 9 to 12 months' post-release supervision if imprisonment was imposed. See Neb. Rev. Stat. § 28-105 (Reissue 2016). Additionally, as part of the judgment for a conviction under § 60-6,197.06, the court shall revoke the person's operator's license for a period of 15-years. See § 60-6,197.06(1).

Martinez-Estrada's sentence is within the statutory limits. Additionally, we note that Neb. Rev. Stat. § 29-2204.02(2)(c) (Reissue 2016) provides that if a defendant is convicted of a Class IV felony, the court shall impose a sentence of probation unless there are substantial and compelling reasons why the defendant cannot effectively and safely be supervised in the community. The district court did find that there were several substantial and compelling reasons why Martinez-Estrada could not be supervised on probation, which we have set forth above. We conclude that the record in this case supports the district court's determination that there were substantial and compelling reasons to withhold probation. See *State v. Baxter*, 295 Neb. 496, 888 N.W.2d 726 (2017) (determination of whether substantial and compelling reasons exist to deny probation under § 29-2204.02(2)(c) is within the trial court's discretion and will not be reversed absent an abuse of discretion).

In his brief, Martinez-Estrada argues that "[b]y focusing mainly on the new offense as an aggravating factor and not giving the proper consideration to the mitigating factors, the court's reasoning and ruling are clearly untenable and unfairly deprived [him] of his right to a fair sentencing." Brief for appellant at 7. However, our review of the record does not reveal that the district court focused mainly on the "new offense." Rather, the court noted Martinez-Estrada's "lengthy previous criminal history," and that the current case is his second conviction for felony driving under revocation. The court also noted Martinez-Estrada failed to appear for both appointments with the probation officer to complete the PSI. All of these behaviors sent "a message to the court" that Martinez-Estrada "will disregard the law" and "continue to operate a motor

vehicle in violation of the Court's previous revocation order." The court went on to note that since his current offense, Martinez-Estrada had additional contact with law enforcement and was arrested and charged with yet another felony driving under a 15-year revocation. The mention of the "new charge" supports the court's previous statement that Martinez-Estrada "will disregard the law" and "continue to operate a motor vehicle in violation of the Court's previous revocation order." Under our review of the record, the "new offense" was not the main focus of the district court.

We acknowledge that Martinez-Estrada had challenges growing up in a life of poverty in Mexico and received a limited education. And although he argues this was "simply a driving offense" and did not involve any "additional nefarious bad act," brief for appellant at 9, we cannot overlook the fact that he was driving under revocation, and that it was not the first time. Having considered the relevant factors in this case, we find that Martinez-Estrada's sentence was not excessive or an abuse of discretion and his sentence is therefore affirmed. See, *State v. Dixon*, 286 Neb. 334, 837 N.W.2d 496 (2013) (sentence imposed within statutory limits will not be disturbed on appeal absent abuse of discretion by trial court); *State v. Meehan*, 7 Neb. App. 639, 585 N.W.2d 459 (1998) (sentencing court has broad discretion in source and type of evidence it may use in determining kind and extent of punishment to be imposed within limits fixed by statute; sentencing court in noncapital cases may consider defendant's nonadjudicated misconduct in determining appropriate sentence).

## CONCLUSION

For the reasons set forth above, we affirm the decision of the district court.

AFFIRMED.