IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MARTINSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

RICHARD MARTINSON, APPELLANT.

Filed February 27, 2024.    No. A-23-650.

Appeal from the District Court for Thayer County: DAVID J.A. BARGEN, Judge. Affirmed.

Tad D. Eickman for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

RIEDMANN, ARTERBURN, and WELCH, Judges.

ARTERBURN, Judge.

## I. INTRODUCTION

Richard Martinson appeals his plea-based conviction for theft ($5,000 or more), a Class IIA felony. On appeal, he contends that the sentence imposed by the district court for Thayer County was excessive, that the State violated the terms of the plea agreement, and that he received ineffective assistance of trial counsel in various respects. Upon our review, we affirm Martinson's conviction and sentence.

## II. BACKGROUND

In January 2020, the State filed an information charging Martinson with theft ($5,000 or more), a Class IIA felony, and criminal mischief, a Class IV felony. Martinson initially entered pleas of not guilty to each of the charges. Subsequently, in August, the State amended the information to only charge Martinson with theft ($5,000 or more). Pursuant to a plea agreement with the State, Martinson pled no contest to the theft charge and the State dismissed the criminal

- 1 -

mischief charge. In addition, the State agreed "to stand mute at the time of sentencing." The parties agreed that sentencing would be held in November.

At the plea hearing, upon the district court's inquiry, Martinson indicated that no one had threatened him or made promises to compel him to plead no contest to the amended charge. In addition, he affirmed that he understood both the constitutional rights he was waiving by pleading no contest to the charge and the possible consequences of his plea. Martinson informed the district court that he had been provided with sufficient time to discuss the case with his attorney and that together they had discussed trial strategies, plea agreements, and other various options.

The State provided a factual basis for Martinson's plea. On July 9, 2019, Libby Heitmann drove her husband's 2012 Dodge Ram pickup truck to a gas station in Hebron, Nebraska, after watching her son's ball game. When she went inside the gas station, she left the truck's engine on. On her way inside, she observed a man, later identified as Martinson, standing near the corner of the gas station. Once inside, she picked up a pre-ordered pizza. She then observed through the window that her husband's pickup truck was no longer parked where she had left it, but was instead heading south away from the gas station. Heitmann rushed outside and observed that Martinson was no longer standing near the gas station.

After law enforcement officers were called and arrived at the gas station, they interviewed a person who was inside the gas station at the same time as Heitmann. The witness indicated that he had observed Martinson standing outside of the gas station when he entered. When he was standing at the cash register paying for his purchase, he observed Martinson go around the back of Heitmann's pickup, enter the driver's side door, and drive away. Both this witness and Heitmann picked Martinson out of a lineup and identified him as the man who had taken the pickup truck.

Through law enforcement's investigation, it was determined that the pickup truck was eventually driven north and was found abandoned in Lincoln, Nebraska. Martinson was living in Lincoln at this time. The truck, which was valued by its owner at $40,000, had sustained more than $5,000 in damage as a result of Martinson stealing it.

The district court found that Martinson understood the nature of the charge against him and the possible sentences; that his no contest plea was made freely, voluntarily, knowingly, and intelligently; and that the factual basis supported his plea. The court then accepted Martinson's no contest plea to theft ($5,000 or more). The court continued Martinson's bond and ordered that a presentence investigation report (PSR) be completed prior to sentencing. The court also noted that Martinson was soon scheduled to be sentenced on a separate DUI conviction. The court inquired whether Martinson would be obtaining a chemical dependency evaluation for that sentence. The court asked that any such evaluation be included in the PSR for the current case. The sentencing hearing was set for November 3, 2020.

Martinson failed to appear at the November 3, 2020, sentencing hearing. The district court revoked his bond, issued a bench warrant for his arrest, and continued the sentencing hearing until further order of the court.

In the spring of 2023, Martinson was arrested in Wyoming on his warrant for failure to appear in November 2020. He was brought before the district court on June 6. At that time, he appeared without counsel and indicated that he had been unable to reach his trial counsel for the past few months. The district court ordered an updated PSR and set sentencing for August 1. Prior to August 1, Martinson requested that his former trial counsel be removed from the case and that

he be provided with court-appointed counsel. The court granted this request and Martinson was appointed new counsel. We note that by this time, a different prosecutor represented the State and the district judge presiding over the case had changed as well.

At the August 1, 2023, sentencing hearing, the State made the following comments after the district court asked if it would like to be heard:

> [T]he PS[R] is recommending probation. The State would submit that given the fact that [Martinson] has an outstanding warrant in Lancaster County for two counts of theft, two counts of failure to appear, also has pending charges and a warrant outstanding in South Dakota, that he's not a suitable candidate for probation and would recommend a straight sentence.

To the contrary, newly appointed defense counsel advocated for a sentence of probation on Martinson's behalf. Counsel indicated that Martinson has a strong support system, he is now dedicated to maintaining his sobriety, and he accepts responsibility for his actions. Counsel also highlighted that Martinson was currently taking care of his ailing father. Martinson also made a statement on his own behalf in favor of a sentence of probation.

Prior to imposing a sentence, the district court explicitly indicated that it had read and reviewed the PSR and that it had considered the comments of counsel and Martinson, in addition to Martinson's age, mentality, education and experience, social and cultural background, past criminal record or record of law abiding conduct, and motivation for the offense, as well as the nature of the offense. Considering this information, the court concluded that Martinson was not a fit candidate for probation. In reaching this conclusion, the court highlighted Martinson's "extensive criminal record" which spanned decades. The district court sentenced Martinson to 10 to 15 years' imprisonment, to run consecutively to any other sentence being served by Martinson.

Martinson appeals here.

### III. ASSIGNMENTS OF ERROR

Martinson, now represented by his third attorney, asserts on appeal that the State violated the terms of the plea agreement by advocating for a sentence of imprisonment during the sentencing hearing and that the district court abused its discretion in imposing an excessive sentence. Martinson also asserts that he received ineffective assistance of trial when counsel failed to investigate his defenses and to discuss with him the depositions of the State's witnesses and when counsel failed to object to the State's violation of the plea agreement at the sentencing hearing.

### IV. STANDARD OF REVIEW

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Dixon*, 286 Neb. 334, 837 N.W.2d 496 (2013).

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a

statute or constitutional requirement. *State v. Lowman*, 308 Neb. 482, 954 N.W.2d 905 (2021). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

## V. ANALYSIS

### 1. STATE'S FAILURE TO ABIDE BY PLEA AGREEMENT

On appeal, Martinson argues that the State violated the terms of the plea agreement by recommending a sentence of imprisonment, rather than remaining silent. Martinson requests that we remand the issue of sentencing to the district court for "specific performance of the plea agreement." Brief for appellant at 18. Upon our review, we conclude that Martinson has not preserved this issue for our review because he did not object to the State's comments during the sentencing hearing.

In this court's opinion in *State v. Fenin*, 17 Neb. App. 348, 351, 760 N.W.2d 358, 360 (2009), we explained how to properly preserve an objection to the State's violation of a plea agreement:

> [W]hen the State violates a plea bargain which requires the State to remain silent at sentencing, the defendant has the option of either withdrawing his plea or objecting to the State's failure to remain silent at sentencing. Subsequently, when the defendant has objected but has not sought to withdraw his plea, he may seek specific performance of the plea agreement, such as resentencing by a different judge on the terms of the plea bargain. However, [such options do] not eliminate the requirement that the issue of the breach must be preserved.

When a specific objection to the State's failure to remain silent is not made, the issue is not preserved for appellate review. *Id*. Accordingly, we do not address this assignment of error further. We do, however, address the State's failure to remain silent during sentencing below in the context of Martinson's assertion that his appointed trial counsel was ineffective because he did not object to the State's violation of the terms of the plea agreement.

### 2. EXCESSIVE SENTENCE

Martinson asserts that the district court imposed an excessive sentence because the court improperly weighed and considered the relevant sentencing factors, including his rehabilitative needs, his age, his poor health, and his willingness to enter a plea. Martinson believes that the court erred in ordering such a lengthy prison sentence. Upon our review, we find no abuse of discretion in the district court's sentencing determination.

The first step in analyzing whether sentences are excessive is to examine the statutory limits for each offense. *State v. Starks*, 308 Neb. 527, 955 N.W.2d 313 (2021). An appellate court will not disturb a sentence imposed within the statutory limits unless the trial court abused its discretion. *State v. Wilkinson*, 293 Neb. 876, 881 N.W.2d 850 (2016). Martinson was convicted of theft ($5,000 or more), a Class IIA felony. Class IIA felonies are punishable by up to 20 years'

imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). The district court sentenced Martinson to 10 to 15 years' imprisonment. Such sentence is clearly within the statutory limits.

Because Martinson's sentence is within statutory limits, we review the district court's sentences for an abuse of discretion. In reviewing whether an abuse of discretion occurred during sentencing, an appellate court determines whether the sentencing court considered and applied the relevant factors and any applicable legal principles in determining the sentence to be imposed. *State v. Starks, supra*. Relevant factors in that analysis may include the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment that includes the sentencing judge's observation of the defendant's demeanor and attitude and all of the facts and circumstances surrounding the defendant's life. *Id*.

The district court ordered Martinson to participate in a PSR prior to sentencing. That PSR indicates that at the time of sentencing, Martinson was 57 years old. He was unemployed and essentially homeless. Martinson has a significant criminal history, dating back to 1985. Many of his prior convictions are theft or alcohol related, including convictions for, burglary; theft by deception; theft of moveable property; forgery (two times); issuing a bad check (two times); take and drive vehicle without consent; steal money or goods worth less than $300; driving under the influence (four times); and driving with a suspended license (six times). Martinson has also previously been convicted of attempt of a Class IIIA or IV felony; third degree assault; domestic assault; and disturbing the peace. At the time of sentencing, Martinson had pending charges for theft by unlawful taking and driving under the influence.

During his interview with probation, Martinson admitted to having a serious problem with alcohol. He explained that he has "blacked out" on more than one occasion as a result of his drinking. His periods of sobriety coincide with the time he has spent in jail. He desires to maintain his sobriety upon his release from jail on the current offense. Testing conducted by the probation office revealed a moderate to high risk for substance misuse. A substance abuse evaluation was recommended. Such testing also revealed a high risk for recidivism. Despite scoring at high risk on several scales on the Level of Service/Case Management Inventory, the probation officer conducting the presentence investigation recommended that Martinson be sentenced to a period of probation with a high level of supervision.

Despite Martinson's assertions to the contrary on appeal, the record demonstrates that the district court sufficiently considered all of the relevant sentencing factors in making its sentencing determination. The court explicitly explained its finding that Martinson was not an appropriate candidate for probation given the nature of Martinson's current offense, in addition to his criminal history and his decision to flee the jurisdiction rather than attend the scheduled sentencing hearing. The court stated:

> [A]s I pronounce sentence on you, I want to highlight your extensive criminal record. For decades you have shown a disrespect for the law, a variety of charges and crimes in your history, and then this crime, a Class II felony, a Class IIA -- IIB felony, theft of a vehicle. The sentence I give you is what I think is appropriate, what I think is called for to protect

the public, to protect respect for the law, and so I just want to highlight that for you and ask that you keep that in mind.

Considering all of the relevant sentencing factors and the applicable law, we conclude that the sentence imposed by the district court was not excessive and that the court did not abuse its discretion when it sentenced Martinson within the statutory limits.

### 3. INEFFECTIVE ASSISTANCE OF COUNSEL

#### (a) Failure to Investigate Defenses and Failure to Discuss With Martinson Depositions of State's Witnesses

Martinson alleges as one of his assignments of error that his retained trial counsel who represented him through the time of the plea hearing "was ineffective for failing to investigate [his] defenses and not discussing any depositions of the State's witnesses with [him]." We conclude that, based upon the Nebraska Supreme Court's opinion in *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019), that portion of Martinson's assignment of error which alleges a failure to investigate defenses lacks the specificity we demand on direct appeal. However, that portion of the assignment of error which alleges a failure by trial counsel to discuss depositions taken of the State's witnesses cannot be addressed on appeal due to an insufficient record.

In *State v. Mrza, supra*, the Supreme Court found that one of appellant's assignments of error lacked the required specificity necessary for appellate review. That assignment of error alleged that trial counsel provided ineffective assistance by "fail[ing] to adequately investigate [appellant's] defenses and effectively cross-examine witnesses." *Id*. at 935, 926 N.W.2d at 86. The Supreme Court explicitly held that assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. The Supreme Court later articulated in *State v. Drake*, 311 Neb. 219, 971 N.W.2d 759 (2022), that the necessary specificity of allegations of ineffective assistance of trial counsel on direct appeal for purposes of avoiding waiver requires, at a minimum, allegations of deficient performance described with enough particularity for an appellate court to make a determination of whether the claim can be decided upon the trial record and also for a district court later reviewing a potential petition for postconviction relief to be able to recognize whether the claim was brought before an appellate court.

Here, we conclude that Martinson's assignment of error which alleges that trial counsel failed to investigate any defenses is not sufficiently specific pursuant to the Supreme Court's holdings in *State v. Mrza, supra*, and *State v. Drake, supra*. Such assignment does not describe counsel's deficient performance with sufficient particularity.

As to the second portion of the assigned error which alleges trial counsel was ineffective for failing to discuss with him the depositions taken of the State's witnesses, we find our record on appeal is not sufficient to review this assertion.

In order to establish a right to relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense in his or her case. See *State v. Vo*, 279

Neb. 964, 783 N.W.2d 416 (2010). The two prongs of this test, deficient performance and prejudice, may be addressed in either order. *Id.*

Martinson has different counsel on appeal than he had either at the time of his plea or at the time of his sentencing hearing. In order to raise the issue of ineffective assistance of trial counsel where appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel which is known to the defendant or is apparent from the record, or the issue will be procedurally barred on postconviction review. See *State v. Young*, 279 Neb. 602, 780 N.W.2d 28 (2010).

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id.* The determining factor is whether the record is sufficient to adequately review the question. *Id.* Here, in the assignment of error related to pretrial depositions, Martinson assigns only that trial counsel failed to discuss with him any depositions that had been taken prior to the entry of his plea. In argument, Martinson also contends that his trial counsel failed to depose all of the State's witnesses as he instructed. However, "[T]o be considered by an appellate court, the party asserting the alleged error must both specifically assign and specifically argue the error in the party's initial brief." *State v. Garcia*, 315 Neb. 74, 84, 994 N.W.2d 610, 639 (2023). Since Martinson did not assign as error the failure to take additional depositions of specifically named or described witnesses, we will not consider this argument. However, we do find that his allegation that trial counsel failed to discuss depositions that were taken is sufficiently alleged. For example, it is not clear whether the content of the depositions may have affected Martinson's decision to enter into the plea agreement. Since our record on direct appeal is insufficient to adequately review this question, we find that this issue is preserved for further proceedings.

(b) Failure to Object to State's Violation of Plea Agreement

Martinson claims he received ineffective assistance of trial counsel at his sentencing hearing when his counsel failed to object when, in contravention of the State's plea agreement to stand silent at sentencing, a prosecutor stated that the State's position was that Martinson should be sentenced to a term of imprisonment, rather than to a term of probation. Martinson indicates that if he is successful in establishing trial counsel's ineffectiveness, he would be entitled to withdraw his plea or to specific performance in the form of a resentencing before a different judge, at which sentencing the State would stand silent. We conclude that the record on appeal is not sufficient to decide Martinson's claim of ineffective assistance of counsel.

Here, the record shows that the State did not comply with the terms of the plea agreement. The State agreed to stand mute at sentencing, but instead argued in favor of a sentence of incarceration. We do note the unique circumstance presented by this case as a result of Martinson's failure to appear at the originally scheduled sentencing hearing. Due to Martinson's decision, his sentencing did not occur for three years after the plea agreement was entered into and by that time a new prosecutor and district judge were assigned to the case. However, we also recognize that a change in staffing does not excuse such a breach. *Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971); *State v. Sidzyik*, 281 Neb. 305, 795 N.W.2d 281 (2011).

Ultimately, however, we conclude that it is not clear from the record in the instant case whether Martinson's counsel did not object to the breach of the plea agreement based on trial

strategy. Accordingly, the record is not sufficient to adequately review the question of ineffectiveness of trial counsel raised in this appeal. See *State v. Sidzyik, supra.*

## VI. CONCLUSION

For the reasons stated herein, we affirm Martinson's conviction and sentence. We find no abuse of discretion in the district court's sentencing determination and Martinson did not preserve for appellate review the State's violation of the plea agreement. We do not have a sufficient record on appeal to review Martinson's claims that his counsel was ineffective in failing to discuss with him the depositions taken of the State's witnesses or in failing to object to the State's comments at the sentencing hearing. Martinson's claim that trial counsel was ineffective for failing to investigate his defenses was not raised with sufficient specificity to be preserved.

AFFIRMED.