# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 19-0206** (Mineral County 15-F-86)

**Glenn B.,**
**Defendant Below, Petitioner**

**FILED**

**July 30, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Glenn B., by counsel Jeremy B. Cooper, appeals the Circuit Court of Mineral County's November 28, 2018, resentencing order and February 7, 2019, order correcting petitioner's sentence.[1] The State of West Virginia, by counsel Mary Beth Niday, filed a response to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 4, 2015, a Mineral County Grand Jury returned an indictment charging petitioner with multiple counts of sexual assault, incest, and sexual abuse inflicted upon his three step-daughters. Petitioner pled guilty to three counts of the felony offense of sexual abuse by a parent, guardian, or custodian on October 4, 2016. Pursuant to a plea agreement, the State agreed to dismiss the remaining charges and "remain silent on a recommendation at sentencing."

Despite its agreement to remain silent, the State recommended the imposition of consecutive sentences during a February 13, 2017, sentencing hearing. The following exchange occurred at that hearing:

MR. PANCAKE [Prosecuting Attorney]: And the State is of the opinion that Mr.—

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

MR. ROZAS [Petitioner's Attorney]: Objection.

THE COURT [Judge Nelson]: About?

MR. ROZAS: With the plea agreement, he's not allowed to express an opinion, Your Honor. He was going to remain silent at sentencing.

MR. PANCAKE: But—

THE COURT: Well, he can comment on what he said. He's not making any recommendations.

MR. PANCAKE: Right. I'm just—

MR. ROZAS: Okay, Your Honor, as long as he doesn't make a recommendation as [to] whether he thinks probation is appropriate or not or what the sentence should be.

THE COURT: All right. Do you have anything else, Mr. Pancake[?]

MR. PANCAKE: Well, just a couple comments, Judge. In the [c]ourt system, we see heinous cases. And they unfortunately occur, and they occur an often—a quite often amount for those that are in the legal system. I do believe that this is one of the more heinous cases that we've come across in recent years, Judge.

The [c]ourt has heard comments from the victims in this case—which I won't comment any further on those. I will not make any further comments on the case. What the State would recommend, though, however, Judge, is based upon what has occurred—

MR. ROZAS: Objection.

THE COURT: I have an objection. Go ahead, Mr. Rozas. You said you had some arguments.

MR. ROZAS: Thank you.

THE COURT: You agreed to stand silent, I'll listen to his argument.

MR. PANCAKE: I was just going to say—recommend that they run consecutive and not concurrent.

MR. ROZAS: Objection, Your Honor.

THE COURT: Okay, I'm not listening to what the State said there.

MR. ROZAS: Thank you, Your Honor.

On February 22, 2017, the circuit court imposed consecutive sentences of ten to twenty years for each count and remarked upon "a lot of rumors and speculations" about things occurring "up in B[-]ville."[2] Petitioner appealed, contending that the State breached the plea agreement by failing to remain silent at sentencing and that he should have the right to elect between withdrawing his guilty plea or having a new trial judge sentence him. He further asserted that the circuit court's comments regarding rumors and speculation constituted reversible error. On appeal, this Court vacated the original sentencing order and remanded the matter to the circuit court on the issue of the breach of the plea agreement. *State v. Glenn B.*, 240 W. Va. 657, 815 S.E.2d 28 (2018) ("*Glenn B. I*").

---

[2]The original circuit court judge used petitioner's last name, adding "ville" on the end. The reference is abbreviated here due to the sensitive facts of this matter.

Upon remand, Judge Carl was specially assigned to the case by order of this Court.[3] The circuit court conducted a resentencing hearing, during which it informed the parties that it had reviewed the presentence investigation report ("PSI") completed by the circuit court's probation officer and the updated adult sex offender evaluation by Dr. Fremouw. Petitioner's counsel pointed out a minor objection/correction to the PSI, which the court noted and incorporated into the record. The probation officer also pointed out that Dr. Fremouw's evaluation contained an incorrect number of years of petitioner's sentence, which was also noted by the court and incorporated into the record. The parties advised that there were no further objections to the reports. The circuit court also heard testimony from three witnesses on petitioner's behalf; testimony from one of the victims; and testimony from the victims' mother, petitioner's former wife. The court informed petitioner of his right of allocution, and petitioner remained silent. Petitioner's counsel requested alternative sentencing, home incarceration, and supervised probation. The State informed the court that it stood by the plea agreement and would remain silent.

In its November 28, 2018, resentencing order, the circuit court sentenced petitioner to ten to twenty years of incarceration for each of the three felony offenses of sexual abuse by a parent, guardian, or custodian, and ordered the sentences to run consecutively. It also denied petitioner's motion for an alternative sentence and ordered petitioner to register as a sex offender for the duration of his lifetime.[4]

Thereafter, on February 7, 2019, the circuit court entered an agreed order correcting petitioner's sentence based upon petitioner's Rule 35(a) motion. In that order, the circuit court found that petitioner was entitled to be sentenced to no more than the maximum sentence in effect at the time of the commission of each offense. Therefore, petitioner "should be sentenced to no more than 5-15 years on Count 2, 5-10 years on Count 14, and 5-15 years on Count 21."[5] It went on to find that, "[a]pplying the correct statutory sentences as they existed at the time of the commission of the offenses to which [petitioner] pled guilty, the maximum consecutive sentence is 15-40 years of incarceration." It modified its November 28, 2018, sentencing order accordingly and imposed the following sentences: five to fifteen years of incarceration on Count 2; five to ten years of incarceration on Count 14; and five to fifteen years of incarceration on Count 21, to run consecutively, for a total effective sentence of fifteen to forty years of incarceration. However, all other provisions of the November 28, 2018, resentencing order were to remain in full force and effect unless specifically modified by the February 7, 2019, order. Petitioner appeals from the

---

[3]In *Glenn B. I*, this Court also stated that "[g]iven the prosecutor's unyielding and improper persistence in the prior sentencing hearing, it would be inappropriate to permit that prosecutor to participate in the sentencing hearing upon remand. Consequently, another prosecutor should manage this sentencing matter upon remand." Therefore, a different prosecutor appeared in the resentencing proceedings.

[4]The circuit court found that petitioner is not subject to a term of extended supervision, under West Virginia Code § 62-12-26, because the crimes were committed prior to the enactment of that statute.

[5]Count 2 alleged violations occurring from 1987 to 1997; Count 14 alleged violations occurring from 1987 to 1989; and Count 21 alleged violations occurring from 1989 to 1992.

resentencing order and order correcting petitioner's sentence.

Our standard of review of an order correcting a sentence under Rule 35 has been stated as follows:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. pt. 1, *State v. Head,* 198 W.Va. 298, 480 S.E.2d 507 (1996).

*State v. Tex B.S.*, 236 W. Va. 261, 264, 778 S.E.2d 710, 713 (2015).[6] In addition, this Court "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997).

On appeal, petitioner asserts a single assignment of error: Petitioner contends the circuit court plainly erred by sentencing petitioner based upon impermissible sentencing factors, as the sentencing record on remand continued to be tainted by the prosecuting attorney's improper recommendation and Judge Nelson's citation to rumors and innuendo. Petitioner admits that his counsel failed to object when Judge Carl informed the parties that he had considered the transcript of the first sentencing hearing. However, he argues that the circuit court's review of that transcript constitutes plain error. With regard to the plain error doctrine, this Court previously established the following standards:

> 7. To trigger application of the "plain error" doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings.

> 8. Under the "plain error" doctrine, "waiver" of error must be distinguished from "forfeiture" of a right. A deviation from a rule of law is error unless there is a waiver. When there has been a knowing and intentional relinquishment or abandonment of a known right, there is no error and the inquiry as to the effect of a deviation from the rule of law need not be determined. By contrast, mere forfeiture of a right—the failure to make timely assertion of the right—does not extinguish the error. In such a circumstance, it is necessary to continue the inquiry and to determine whether the error is "plain." To be "plain," the error must be "clear" or "obvious."

> 9. Assuming that an error is "plain," the inquiry must proceed to its last step

---

[6] Rule 35(a) of the West Virginia Rules of Criminal Procedure provides that "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence."

4

and a determination made as to whether it affects the substantial rights of the defendant. To affect substantial rights means the error was prejudicial. It must have affected the outcome of the proceedings in the circuit court, and the defendant rather than the prosecutor bears the burden of persuasion with respect to prejudice.

Syl. Pts. 7-9, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

Petitioner contends that he satisfied the criteria necessary to establish plain error because the error he alleges is a continuation of the error that led to the first reversal in this case. He argues that while this Court declined to address the propriety of Judge Nelson's alleged "inappropriate reliance upon innuendos and rumors" in *Glenn B. I*, if this Court had considered the

issue, it would undoubtedly have found erroneous Judge Nelson's consideration of matters stemming from twenty-eight years of rumors and speculations, given that Judge Nelson's disclosure of his knowledge of those rumors was not made part of the sentencing record in the manner required by Rule 32 of the West Virginia Rules of Criminal Procedure, and came after [p]etitioner had any opportunity to object to or contr[o]vert the matters contained in the rumors.

Petitioner asserts that the exact same tainted information that led this Court to remove Judge Nelson was explicitly used by the newly-appointed judge in the second hearing. However, he states that he "does not believe that the newly-assigned judge engaged in any misconduct . . . ."

As this Court recently reiterated,

"[i]n clear terms, the plain error rule should be exercised only to avoid a miscarriage of justice. The discretionary authority of this Court invoked by lesser errors should be exercised sparingly and should be reserved for the correction of those few errors that seriously affect the fairness, integrity, or public reputation of the judicial proceedings." Syllabus point 7, in part, *State v. LaRock*, 196 W. Va. 294, 470 S.E.2d 613 (1996).

Syl. Pt. 4, *State v. Sites*, 241 W. Va. 430, 825 S.E.2d 758 (2019). Importantly, petitioner fails to point to any comments by the circuit court in the proceedings following this Court's issuance of *Glenn B. I* that suggest that its review of the transcript from the first sentencing proceeding affected petitioner's substantial rights or seriously affected the fairness, integrity, or public reputation of the later proceedings.

We are also mindful of our finding that "[i]n the realm of nonconstitutional error, the appropriate test for harmlessness is whether we can say with fair assurance, after stripping the erroneous evidence from the whole, that the remaining evidence independently was sufficient to support the verdict and that the judgment was not substantially swayed by the error." Syl. Pt. 13, *State v. Bradshaw*, 193 W. Va. 519, 457 S.E.2d 456 (1995). During the resentencing hearing, the circuit court explained that consecutive sentences were warranted based upon the gravity of the offenses, the effect of the offenses upon the victims, and the best interests of the community. The circuit court also noted that petitioner's conduct "went on for years," that one of the victims was

unable to testify "because of the trauma she has undergone because of [petitioner,]" and that petitioner "took things from [the victims] as young children who trusted [him]." Therefore, we find that petitioner has failed to show that the circuit court's review of the transcript of the original sentencing hearing constituted plain error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** July 30, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice Margaret L. Workman